**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| 3BTECH, INC., *Plaintiff,* v. UNITED STATES, *Defendant.* | Court No. **21-cv-00026** |

# COMPLAINT

Plaintiff 3BTech, Inc. ("Plaintiff" or "3BTech"), by and through its undersigned attorneys, alleges and states for its complaint as follows:

## JURISDICTION

1. This is a civil action to contest the denial of protests under Section 515 of the Tariff Act of 1930 (19 U.S.C. § 1515). The protests and underlying protested entries, which are the subject of this action, are listed in Exhibit A ("Schedule of Protests") attached and incorporated into this complaint.

2. The Plaintiff is the owner and importer of record of the merchandise involved in this action and is the party that caused the protests and underlying protested entries referred to herein to be filed. The Plaintiff thus has standing in this action.

3. The protests that are the subject of this action were each timely filed on the respective dates shown in Exhibit A Column B ("Date Protest Filed"), within 180 days of the final liquidation of each of the underlying protested entries.

4. The protests that are the subject of this action were each denied pursuant to 19 U.S.C. § 1515(a) on the respective dates shown in Exhibit A Column C ("Date Protest Denied").

5.  This action was timely commenced within 180 days after the date of mailing of the notices of denial of the underlying protests that are the subject of this action.

6.  Even though the protests were denied on 02/26/2020 (Protests Number 3901-20-106997 and 3901-20-107048) and 03/09/2020 (Protest Number 3901-20-106024), Customs and Border Protection (CBP) waited and did not mail the notices of denial until 09/10/2020. This means there was a delay of 197 and 185 days respectively between the protest decision dates and mailing of the notices of denial.

7.  All duties, charges and exactions assessed at liquidation pertaining to the entries protested in each of the protests referred to herein were paid before commencement of the action.

8.  This court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

## BACKGROUND AND DESCRIPTION OF MERCHANDISE INVOLVED

9.  The imported merchandise that is the subject of this action is collectively known, commercially and in the industry, as "self-balancing electric scooters" and popularly sometimes referred to as "hoverboards."

10. The imported merchandise entered at the CBP Port of Los Angeles/Long Beach, California in September 2018 through June 2019 on the specific entry dates listed in Exhibit A Column E ("Entry Date").

11. A picture of a representative self-balancing electric scooter is depicted below:



12. All of the subject self-balancing electric scooters have two wheels driven by 200-300 watt electric motors powered by rechargeable batteries.

13. Located between the wheels are foot treads that the rider stands on, as depicted below:



14. The foot treads can be controlled independently, and the rider controls the direction and speed of the scooter with foot pressure on the front or back of each of the foot treads.

15. The scooters are self-balancing because they include gyroscopes and related electronics that sense the position and momentum of the scooter and adjust the speed and direction of the wheels.

16. Plaintiff originally entered the subject self-balancing electric scooters as "wheeled toys" under Subheading 9503.00.0090, HTSUS, which provides for "*Tricycles, scooters, pedal cars and similar wheeled toys; dolls' carriages; dolls, other toys; reduced-scale ("scale") models and similar recreational models, working or not; puzzles of all kinds; parts and accessories thereof: Other.*"

17. Subheading 9503.00.0090, HTSUS, has carried a duty rate of Free *ad valorem* at all times relevant to this action.

18. Subheading 9503.00.0090, HTSUS, is a "List 4B" tariff classification under the current Chinese Section 301 Tariff Action. *See Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 43304 (Aug. 20, 2019) (publishing List 4B – Annex C).

19. Subheading 9503.00.0090, HTSUS, was not subject to additional China Section 301 duties at the time of entry. *See Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 69447 (Dec. 18, 2019) (eliminating China Section 301 duty on List 4B articles).

20. On various dates in August 2019, as indicated in Exhibit A Column F ("Liquidation Date"), CBP liquidated all entries of the subject self-balancing electric scooters with duty rate increase of 25% *ad valorem*.

21. On information and belief, we allege that the duty rate increase was the result of reclassification of the subject self-balancing electric scooters under one of the Heading 8711 ("*Motorcycles (including mopeds) and cycles fitted with an auxiliary motor, with or without side-cars; side-cars*") subheadings subject to "List 2" of the China Section 301 Tariff Action under secondary Subheading 9903.88.02 per HTSUS Chapter 99 Notes 20(c) and 20(d).

## COUNT I

**The subject self-balancing electric scooters are properly classified as "wheeled toys" under Subheading 9503.00.0090, HTSUS.**

22. The allegations of Paragraphs 1 through 21 are incorporated in this Paragraph by reference as if fully set forth herein.

23. Classification under the HTSUS is made in accordance with the HTSUS General Rules of Interpretation (GRIs), and GRI 1 states, in relevant part, that "... classification shall be determined according to the terms of the headings and any relevant section or chapter notes …"

24. Heading 9503, HTSUS, provides for "*Tricycles, scooters, pedal cars and similar wheeled toys; dolls' carriages; dolls, other toys; reduced-scale ('scale') models and similar recreational models, working or not; puzzles of all kinds; parts and accessories thereof.*"

25. Heading 9503 has been recognized by this Court as a "use provision." *Minnetonka Brands, Inc. v. United States*, 24 CIT 645, 651, 110 F. Supp. 2d 1020 (Ct. Int'l Trade 2000).

26. Classification of merchandise under a principal use provision is controlled by Additional U.S. Rule of Interpretation 1 ("ARI"). *Minnetonka Brands, Inc. v. United States*, 24 CIT 645, 651, 110 F. Supp. 2d 1020 (Ct. Int'l Trade 2000).

27. Pursuant to ARI 1(a), classification of the subject self-balancing electric scooters under Heading 9503 is based on the principal use "in the United States at, or immediately prior to, the date of importation, of goods of that class or kind to which the imported goods belong." *Minnetonka Brands, Inc. v. United States*, 24 CIT 645, 651, 110 F. Supp. 2d 1020 (Ct. Int'l Trade 2000).

28. Articles of Heading 9503 are characterized by their design and principal use for "amusement, diversion, or play, rather than practicality." *Processed Plastic Co. v. United States*, 473 F.3d 1164, 1169 (Fed. Cir. 2006) (quoting *Minnetonka Brands, Inc. v. United States*, 24 CIT 645, 110 F. Supp. 2d 1020 (Ct. Int'l Trade 2000)).

29. The subject self-balancing electric scooters are designed and principally used for amusement, diversion, and/or play, rather than practicality.

30. The subject self-balancing electric scooters are predominantly purchased as toys for children.

31. The subject self-balancing electric scooters are commercially marketed and recognized as toys.

5

32. Therefore, the subject self-balancing electric scooters are described by the terms of Heading 9503, HTSUS, which provides for "*Tricycles, scooters, pedal cars and similar wheeled toys; dolls' carriages; dolls, other toys; reduced-scale ("scale") models and similar recreational models, working or not; puzzles of all kinds; parts and accessories thereof.*"

33. On the contrary, Heading 8711, HTSUS, provides for "*Motorcycles (including mopeds) and cycles fitted with an auxiliary motor, with or without side-cars; side-cars.*"

34. The subject self-balancing electric scooters are not described by the terms of Heading 8711, HTSUS.

35. The subject self-balancing electric scooters are not of the same class or kind of transportation devices that the Explanatory Notes (ENs) to Heading 8711, HTSUS, describe as intended to be classified under Heading 8711.

36. Section XVII (in which Chapter 87 and thus Heading 8711 fall) Note 1 states that: "*This section does not cover articles of heading 9503* or 9508, or sleds, bobsleds, toboggans or the like of heading 9506." (Italics added).

37. Chapter 87 Note 4, being statutory HTSUS language, is complementary and provides that: "Heading 8712 includes all children's bicycles. *Other children's cycles fall in heading 9503.*" (Italics added).

38. Chapter 95 Note 1(o) confirms that only children's *bicycles* (but not children's *cycles*) are excludable from Chapter 95 (and thus from Heading 9503): "This chapter [*i.e.* Chapter 95] does not cover … Children's *bicycles* (heading 8712)." (Italics added).

39. The subject self-balancing electric scooters are not bicycles, because their wheels are not arranged one behind the other (*i.e.* in tandem), there is no steering handlebar, no saddle, and no pedals.

40. To the extent that the subject self-balancing electric scooters may be considered *children's cycles*, Chapter 87 Note 4 compels their classification in Heading 9503 ("*Other children's cycles fall in heading 9503*"). (Italics added).

41. Plaintiff asserts that, pursuant to GRI 1 and ARI 1(a), the subject self-balancing electric scooters are properly classified under Subheading 9503.00.0090, HTSUS, which provides for "*Tricycles, scooters, pedal cars and similar wheeled toys; dolls' carriages; dolls, other toys; reduced-scale ("scale") models and similar recreational models, working or not; puzzles of all kinds; parts and accessories thereof: Other*."

## COUNT II
### (In the alternative)

**Even if the subject self-balancing electric scooters are properly classified under Subheading 8711.60, HTSUS, they should be excluded from China Section 301 duties.**

42. The allegations of Paragraphs 1 through 41 are incorporated in this Paragraph by reference as if fully set forth herein.

43. If the Court finds that Subheading 8711.60, HTSUS, is the proper classification for the subject self-balancing electric scooters, the application of China Section 301 duties is foreclosed by the United States Trade Representative's ("USTR's") Notice of Product Exclusions dated September 20, 2019. *See* 84 Fed. Reg. 49600 Sep. 20, 2019.

44. On September 20, 2019, USTR published a Notice in the Federal Register creating Subheading 9903.88.17, HTSUS, which excluded certain "[a]rticles the product of China, as provided for in U.S. note 20(v) to this subchapter" from China Section 301 duties. *See* 84 Fed. Reg. 49600, 49602-49610 Sep. 20, 2019.

45. Among 89 separate exclusions from China Section 301 duties the announced HTSUS Chapter 99, U.S. Note 20(v) specifically provides for:

(1) (86) Motorcycles with electric power for propulsion, each of a power not exceeding 1,000 W (described in statistical reporting numbers 8711.60.0050 or 8711.60.0090) *See* 84 Fed. Reg. 49600, 49609 Sep. 20, 2019; and

(2) (87) Skateboards with electric power for propulsion, of a power not exceeding 250 W (described in statistical reporting number 8711.60.0050). *See* 84 Fed. Reg. 49600, 49609 Sep. 20, 2019.

46. Furthermore, "the exclusions are available for any product that meets the description in the Annex, regardless of whether the importer filed an exclusion request. Further, the scope of each exclusion is governed by the scope of the product descriptions in the Annex, and not by the product descriptions set out in any particular request for exclusion." *See* 84 Fed. Reg. 49600, 49601 Sep. 20, 2019.

47. If the subject self-balancing electric scooters are found to be classifiable under Subheading 8711.60, HTSUS, they are excluded from China Section 301 duties by the provisions in Chapter 99, U.S. Note 20(v)(86-87):

(1) All of the subject self-balancing scooters may be considered "cycles," and they are motorized ("with electric power for propulsion") at less than 1,000 watts, and thus may be considered to fall within the class or kind of vehicles encompassed by Chapter 99, U.S. Note 20(v)(86); and

(2) The subject self-balancing scooters may be considered "skateboards" because they are short boards mounted with wheels at each end on which a person rides in a standing or crouching position. They are motorized ("with electric power for propulsion"), with each motor of a power not exceeded 250 watts (except in the case of the 300-watt motors used in the Swagtron T6) and thus may be considered

8

to fall within the class or kind of vehicles encompassed by Chapter 99, U.S. Note 20(v)(87).

48. Plaintiff asserts that even if the subject self-balancing electric scooters are properly classified under Subheading 8711.60, HTSUS, as vehicles "with electric power for propulsion," they are excluded from China Section 301 duties pursuant to Chapter 99, U.S. Notes 20(v)(86) and/or 20(v)(87).

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor, as follows:

(a) overruling Defendant's denial of protests;

(b) determining that CBP improperly classified the self-balancing electric scooters at issue in this action;

(c) determining that the self-balancing electric scooters at issue in this action are properly classified as "wheeled toys" under Subheading 9503.00.0090, HTSUS, as set forth by Plaintiff in Count I above;

(d) determining, in the alternative, that even if the self-balancing electric scooters at issue in this action are properly classified under Subheading 8711.60, HTSUS, they should be excluded from China Section 301 duties pursuant to Chapter 99, U.S. Notes 20(v)(86) and/or 20(v)(87), as set forth by Plaintiff in Count II above;

(e) ordering CBP to reliquidate the subject entries and refund the excess duties paid by the Plaintiff, together with interest as provided by law; and

(f) granting such other additional relief as this honorable Court deems just and appropriate.

Dated:   10 December 2021                    _____
                                             Serhiy Kiyasov, Attorney

                                             Rock Trade Law LLC
                                             134 North LaSalle Street, Suite 1800
                                             Chicago, Illinois 60602
                                             312-824-6195 (telephone)
                                             skiyasov@rocktradelaw.com (e-mail)

                                             *Counsel For Plaintiff 3BTech, Inc.*

**Exhibit A**
**Schedule of Protests**

| Column A<br>Protest Number | Column B<br>Date Protest Filed | Column C<br>Date Protest Denied | Column D<br>Entry Number | Column E<br>Entry Date | Column F<br>Liquidation Date |
|---|---|---|---|---|---|
| 3901-20-106997 | 02/18/2020 | 02/26/2020 | BVQ-0185673-0 | 09/05/2018 | 08/30/2019 |
| 3901-20-106997 | 02/18/2020 | 02/26/2020 | BVQ-0185799-3 | 09/12/2018 | 08/30/2019 |
| 3901-20-106997 | 02/18/2020 | 02/26/2020 | BVQ-0185983-3 | 09/19/2018 | 08/30/2019 |
| 3901-20-106997 | 02/18/2020 | 02/26/2020 | BVQ-0186522-8 | 09/28/2018 | 08/30/2019 |
| 3901-20-106997 | 02/18/2020 | 02/26/2020 | BVQ-0186689-5 | 10/10/2018 | 08/30/2019 |
| 3901-20-106997 | 02/18/2020 | 02/26/2020 | BVQ-0187611-8 | 10/19/2018 | 08/30/2019 |
| 3901-20-106997 | 02/18/2020 | 02/26/2020 | BVQ-0187104-4 | 10/21/2018 | 08/30/2019 |
| 3901-20-106997 | 02/18/2020 | 02/26/2020 | BVQ-0187416-2 | 10/21/2018 | 08/30/2019 |
| 3901-20-106997 | 02/18/2020 | 02/26/2020 | BVQ-0187117-6 | 10/29/2018 | 08/30/2019 |
| 3901-20-106997 | 02/18/2020 | 02/26/2020 | BVQ-0187693-6 | 10/29/2018 | 08/30/2019 |
| 3901-20-106997 | 02/18/2020 | 02/26/2020 | BVQ-0187702-5 | 11/02/2018 | 08/30/2019 |
| 3901-20-106997 | 02/18/2020 | 02/26/2020 | BVQ-0188276-9 | 11/08/2018 | 08/30/2019 |
| 3901-20-106997 | 02/18/2020 | 02/26/2020 | BVQ-0188188-6 | 11/10/2018 | 08/30/2019 |
| 3901-20-106997 | 02/18/2020 | 02/26/2020 | BVQ-0188286-8 | 11/13/2018 | 08/30/2019 |
|  |  |  |  |  |  |
| 3901-20-107048 | 02/20/2020 | 02/26/2020 | BVQ-0188764-4 | 11/20/2018 | 08/30/2019 |
| 3901-20-107048 | 02/20/2020 | 02/26/2020 | BVQ-0188761-0 | 11/21/2018 | 08/30/2019 |
| 3901-20-107048 | 02/20/2020 | 02/26/2020 | BVQ-0188666-1 | 11/28/2018 | 08/30/2019 |
| 3901-20-107048 | 02/20/2020 | 02/26/2020 | BVQ-0191380-4 | 01/22/2019 | 08/30/2019 |
| 3901-20-107048 | 02/20/2020 | 02/26/2020 | BVQ-0191703-7 | 01/24/2019 | 08/30/2019 |
| 3901-20-107048 | 02/20/2020 | 02/26/2020 | BVQ-0191716-9 | 02/15/2019 | 08/30/2019 |
| 3901-20-107048 | 02/20/2020 | 02/26/2020 | BVQ-0191884-5 | 02/15/2019 | 08/30/2019 |
| 3901-20-107048 | 02/20/2020 | 02/26/2020 | BVQ-0193340-6 | 03/18/2019 | 08/30/2019 |
| 3901-20-107048 | 02/20/2020 | 02/26/2020 | BVQ-0193627-6 | 03/22/2019 | 08/30/2019 |
| 3901-20-107048 | 02/20/2020 | 02/26/2020 | BVQ-0193739-9 | 03/28/2019 | 08/30/2019 |
| 3901-20-107048 | 02/20/2020 | 02/26/2020 | BVQ-0194162-3 | 04/15/2019 | 08/30/2019 |
| 3901-20-107048 | 02/20/2020 | 02/26/2020 | BVQ-0194477-5 | 04/17/2019 | 08/30/2019 |
|  |  |  |  |  |  |
| 3901-20-106024 | 01/28/2020 | 03/09/2020 | BVQ-0197180-2 | 06/12/2019 | 08/09/2019 |
| 3901-20-106024 | 01/28/2020 | 03/09/2020 | BVQ-0197401-2 | 06/18/2019 | 08/09/2019 |

## **CERTIFICATE OF SERVICE BY MAIL**

I, Serhiy Kiyasov, one of the attorneys for the plaintiff, certify that a copy of the foregoing Complaint was served on all parties by depositing a copy in a United States mail receptacle at or before 5:00 p.m. this Friday, December 10, 2021, in a sealed envelope with proper postage prepaid, addressed to each party or its attorney of record at the address(es) listed below:

MONICA P. TRIANA
Trial Attorney
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278

Dated:   10 December 2021

Serhiy Kiyasov, Attorney

Rock Trade Law LLC
134 North LaSalle Street, Suite 1800
Chicago, Illinois 60602
312-824-6195 (telephone)
skiyasov@rocktradelaw.com (e-mail)

*Counsel For Plaintiff 3BTech, Inc.*