**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HONORABLE JANE A. RESTANI, JUDGE**

| | |
|---|---|
| 3BTECH, INC., <br>       *Plaintiff,* <br>   v. <br> UNITED STATES, <br>       *Defendant.* | Court No.  **21-cv-00026** |

**PLAINTIFF'S CONSENT MOTION TO STAY FURTHER ACTION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FOR AN EXTENSION OF TIME**

In accordance with Rules 6, 7, and 16 of the Rules of the United States Court of International Trade ("USCIT"), Plaintiff 3BTech, Inc. ("3BTech" or "Plaintiff") respectfully moves this Court for an order staying further proceedings on Plaintiff's Motion for Summary Judgment (*see* **ECF No. 31**) and Defendant's Cross-Motion for Summary Judgment and Response in Opposition to Plaintiff's Motion for Summary Judgment (see **ECF No. 36**) ("Defendant's Cross-Motion") and suspending Plaintiff's obligation to file its response to Defendant's Cross-Motion and reply in further support of Plaintiff's Motion for Summary Judgment by October 9, 2024, pending this Court's resolution of Plaintiff's Motion To Strike Defendant's Expert Declarations, Mr. Sullivan's Declaration and Attachments Thereto, Defendant's Additional Rule 56.3 Statement, Amendments To The Compendium Of Classification Opinions, And The World Customs Organization Classification Opinions And Motion For Attorney's Fees And Expenses (*see* **ECF No. 38**) ("Plaintiff's Motion to Strike") and that this Court consider the appropriate extension of Plaintiff's deadline to file its response to Defendant's Cross-Motion and reply in further support of Plaintiff's Motion for Summary Judgment once this Court rules upon Plaintiff's Motion To Strike. Pursuant to USCIT Rule 7(f),

Plaintiff conferred with Defendant's counsel, Ms. Mikki Cottet, in this matter on October 3, 2024, who advised that "the Government will not oppose plaintiff's motion to stay the filing of its response and reply brief."

For the reasons set forth herein, Plaintiff submits that good cause exists to stay proceedings on Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion and suspend Plaintiff's obligation to respond to Defendant's Cross-Motion and reply in further support of Plaintiff's Motion for Summary Judgment by October 9, 2024, pending this Court's resolution of Plaintiff's Motion To Strike and further extend Plaintiff's deadline to file its response to Defendant's Cross-Motion and reply in further support of Plaintiff's Motion for Summary Judgment once this Court rules upon Plaintiff's Motion To Strike.

"Motions to modify a schedule are governed by USCIT Rule 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent.'" *Shamrock Bldg. Materials, Inc. v. United States*, 540 F. Supp. 3d 1351, 1353 (Ct. Int'l Trade 2021). "When assessing whether good cause has been shown, 'the primary consideration is whether the moving party can demonstrate diligence.'" *Id.* (quoting *High Point Design LLC v. Buyers Direct, Inc.*, 730 F. 3d 1301, 1319 (Fed. Cir. 2013) (in turn citing *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (in turn citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000))))). Rule 16(b), in allowing modifications of scheduling orders only for good cause, provides a trial court discretion to prevent prejudice or hardship to either side. *See Kassner*, 496 F.3d at 243-44.

Additionally, this Court has previously stayed further action on motions for summary judgment in several cases where there were other underlying issues that needed to be resolved, such as issuing a decision on a motion to dismiss. *United States v. Am. Cas. Co.*, 49 F. Supp. 3d

1346 (Ct. Int'l Trade 2015); *see also Coal. for Fair Trade in Garlic v. United States*, 312 F. Supp. 3d 1372, 1375 (Ct. Int'l Trade 2018).

In this case, Plaintiff filed its Motion for Summary Judgment on July 12, 2024. *See* **ECF No. 31**. Defendant filed its Cross-Motion on September 4, 2024 (*see* **ECF No. 36**), after this Court had extended Defendant's deadline several times (*see* **ECF Nos. 33** and **35**) from the original August 16, 2024, deadline. Defendant's Cross-Motion contained several attachments, which Plaintiff considers improper, including the Declaration of Mr. Matthew Sullivan (*see* **ECF No. 37-1**), expert declarations of Mr. Norbert (Bert) Reiner (**ECF No. 37-2**) and Mr. Edward Benjamin (**ECF No. 37-3**), Amendments to the Compendium of Classification Opinions (**ECF No. 37-8**), the World Customs Organization Classification Opinions (**ECF No. 37-9**), and Defendant's Additional Rule 56.3 Statement (**ECF No. 36-2**). Accordingly, Plaintiff filed its Motion to Strike these materials on September 27, 2024. *See* **ECF No. 38**.

Plaintiff has been diligent in complying with the deadlines in this case so far and maintaining constant communication with Defendant and this Court. Plaintiff notes that in the course of discovery, it agreed, as a common courtesy, to afford Defendant's counsel, Ms. Mikki Cottet, an additional ninety (90) days to complete discovery (*see* **ECF No. 22 and 23**) and consented to Defendant's request for an extension of time to file Defendant's Cross-Motion (*see* **ECF No. 32**).

Despite Plaintiff's best efforts to diligently complete its obligation to respond to Defendant's Cross-Motion and reply in further support of Plaintiff's Motion for Summary Judgment by October 9, 2024, Plaintiff anticipates that it cannot fulfill this obligation. After Defendant filed its Cross-Motion, Plaintiff was required to review what it considered improper new reasoning, methodologies, and conclusions introduced in Defendant's materials referenced *supra*. Additionally, plaintiff had to expand a significant amount of time researching additional

3

case law pertaining to Defendant's submissions and drafting the Motion to Strike. The substance of Plaintiff's response to Defendant's Cross Motion and reply in further support of Plaintiff's Motion for Summary Judgment depend directly on the outcome of the Motion to Strike. Because the Motion to Strike is currently pending before this Court and will involve further filings and, potentially, a hearing, Plaintiff believes that it cannot properly respond to Defendant's Cross Motion and reply in further support of Plaintiff's Motion for Summary Judgment until this Court rules upon the Motion to Strike.

Defendant's current deadline to respond to the Motin to Strike is October 18, 2024. As such, Plaintiff cannot file its response to Defendant's Cross-Motion and reply in further support of Plaintiff's Motion for Summary Judgment by the current October 9, 2024, deadline.

The stay of proceedings on Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion, suspension of Plaintiff's obligation to respond to Defendant's Cross-Motion and reply in further support of Plaintiff's Motion for Summary Judgment by October 9, 2024, and further extension of Plaintiff's deadline once this Court rules upon Plaintiff's Motion to Strike, will enable Plaintiff and Defendant to present arguments in connection with the Motion to Strike and for this Court to resolve this matter. Resolving the Motion to Strike will allow the parties and this Court to establish whether or not Defendant's materials referenced *supra* have been properly submitted and whether or not they can be considered by this Court, which is critical to the resolution of this action. Furthermore, "reaching agreement on a modest change in the schedule that will allow the remaining discovery-related matters to be accomplished cooperatively will not prove to be an insurmountable obstacle." *See Shamrock*, 540 F. Supp. 3d 1351, 1355.

Also, no prejudice or hardship will be caused upon Defendant by granting Plaintiff relief requested in this motion. Defendant currently has no deadlines pertaining to either Plaintiff's Motion for Summary Judgment or Defendant's Cross-Motion. Defendant is only required to

4

respond to the Motion to Strike by October 18, 2024. As such, staying proceedings and suspending Plaintiff's deadline will not cause prejudice or hardship upon Defendant. Further, the Court's decision on the Motion to Strike will resolve a matter that may be critical to the resolution of this action. As such, both parties should benefit from the resolution of the Motion to Strike and staying proceedings on Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion. Finally, no prejudice or hardship will be caused upon Defendant by granting Plaintiff relief requested in this motion because Plaintiff conferred with Defendant's counsel, Ms. Mikki Cottet, in this matter on October 3, 2024, who advised that "the Government will not oppose plaintiff's motion to stay the filing of its response and reply brief."

For these reasons, Plaintiff believes that good cause exists to stay proceedings on Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion and suspend Plaintiff's obligation to respond to Defendant's Cross-Motion and reply in further support of Plaintiff's Motion for Summary Judgment by October 9, 2024, pending this Court's resolution of Plaintiff's Motion To Strike and further extend Plaintiff's deadline to file its response to Defendant's Cross-Motion and reply in further support of Plaintiff's Motion for Summary Judgment once this Court rules upon Plaintiff's Motion to Strike.

There is appended to this motion the following attachment:

**Exhibit A**: The proposed Order for filing in this action.

**WHEREFORE**, Plaintiff respectfully requests that this motion be granted and that this Court stay proceedings on Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion and suspend Plaintiff's obligation to respond to Defendant's Cross-Motion and reply in further support of Plaintiff's Motion for Summary Judgment by October 9, 2024, pending this Court's resolution of Plaintiff's Motion To Strike and further extend Plaintiff's deadline to file

its response to Defendant's Cross-Motion and reply in further support of Plaintiff's Motion for Summary Judgment once this Court rules upon Plaintiff's Motion to Strike.

Dated: October 3, 2024

Respectfully submitted,

Serhiy Kiyasov, Attorney

Lawrence R. Pilon
Rock Trade Law LLC
134 North LaSalle Street, Suite 1800
Chicago, Illinois 60602
312-824-6195 (telephone)
skiyasov@rocktradelaw.com (e-mail)

*Counsel For Plaintiff 3BTech, Inc.*

# Exhibit A

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HONORABLE JANE A. RESTANI, JUDGE**

| | |
|---|---|
| 3BTECH, INC., *Plaintiff,* v. UNITED STATES, *Defendant.* | Court No. **21-cv-00026** |

### ORDER

Upon consideration of Plaintiff's Consent Motion to Stay Further Action on Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment and Response in Opposition to Plaintiff's Motion for Summary Judgment And For an Extension of Time, and upon due deliberation, it is hereby

**ORDERED** that proceedings are stayed on Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment and Response in Opposition to Plaintiff's Motion for Summary Judgment; and it is further

**ORDERED** that Plaintiff's obligation to respond to Defendant's Cross-Motion for Summary Judgment and Response in Opposition to Plaintiff's Motion for Summary Judgment and reply in further support of Plaintiff's Motion for Summary Judgment by October 9, 2024, is suspended; and it is further

**ORDERED** that this Court will consider an appropriate extension of Plaintiff's deadline to respond to Defendant's Cross-Motion for Summary Judgment and Response in Opposition to Plaintiff's Motion for Summary Judgment and reply in further support of Plaintiff's Motion for Summary Judgment once this Court rules upon Plaintiff's Motion to Strike.

                                                                                                                                             2

_____

HON. JANE A. RESTANI, JUDGE

Dated: New York, New York

This ____ day of October, 2024.

**CERTIFICATE OF SERVICE BY ELECTRONIC MAIL**

    I, Serhiy Kiyasov, one of the attorneys for the Plaintiff, certify that a copy of the foregoing Plaintiff's Consent Motion to Stay Further Action on Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment and Response in Opposition to Plaintiff's Motion for Summary Judgment And For an Extension of Time was served on all parties by filing a copy via the U.S. Court of International Trade's CM/ECF System this Thursday, October 3, 2024.

Respectfully submitted,

Dated:   October 3, 2024

_____
Serhiy Kiyasov, Attorney

Rock Trade Law LLC
134 North LaSalle Street, Suite 1800
Chicago, Illinois 60602
312-824-6195 (telephone)
skiyasov@rocktradelaw.com (e-mail)

*Counsel For Plaintiff 3BTech, Inc.*